# HOVEY vs. WHITMAN.

*Sixth Judicial District Court*, October, 1857.

## MANDAMUS.

A state court will not grant a mandamus to a state officer, to settle claims against the state.

The facts are stated in the opinion.

*Latham & Sunderland*, for plaintiff.

Defendant not represented.

BOTTS, J.—This is another petition for a mandamus to the controller of state. Nobody appears upon the part of the state, and I am asked to take as confessed, the allegations of the petition; supposing they are all true, I shall deny this application.

The petition alleges, that by the appropriation act, of 1856, the sum of three thousand dollars was appropriated to defray the expenses of translating the laws; that one Eldredge, was selected for the performance of this duty, by a joint committee of the two houses; that by the authority of said committee, Eldredge proceeded to translate into the Spanish language, the laws of 1856; that he completed the work as soon as possible, and delivered it to the secretary of state, on the 8th day of May, 1857, presenting, at the same time, to that officer, a bill against the state, for the sum of six hundred and twenty-three dollars, for such translation; that such claim of Eldredge was afterwards presented to the board of examiners, and by them approved; that Eldredge, for a valuable consideration, assigned said claim to the petitioner; that petitioner presented said claim to the controller, who rejected it, and the petitioner concludes with a prayer for a mandamus, compelling the controller to draw his warrant on the treasurer for the amount of said claim, it being alleged that an amount sufficient and applicable to the payment of said amount, is lying in the treasury.

The state of California has heretofore declined to invest her judicial tribunals with authority to decide upon claims preferred against her. Indeed, the constitution expressly provides for the election of an officer, to whose arbitrament such claims shall be submitted, and there is no

provision for an appeal from his decision. By the law of 1856, creating the board of examiners, the power of the controller to pass an account, is curtailed, but his power to reject is as potent as ever. The only appeal I know from the decision of a state controller, lies to the legislature, or to a special commission, created for the purpose, by legislative enactment, as the court of claims established by the general government.

The application is denied.